Cartter, C. J.,
delivered the opinion of the court:
The court have concluded, in this case, to overrule the-motion to quash the writ of certiorari. This conclusion necessarily involves the construction of the first section of the statute creating the police court. That section is as-follows:
“Be it enacted, &c., That there shall be established in the District of Columbia, a court, to be called the police court of the District of Columbia, which shall have original and exclusive jurisdiction of all offenses against the United States committed in the District of Columbia, not deemed capital or otherwise infamous crimes; that is to say, of all simple assaults and batteries, and all other misdemeanors not punishable by imprisonment in the penitentiary.”
The question made here is whether, in view of that section,. *503 the police court has jurisdiction of libel. If it is an offense notinfamous, and not punishable by imprisonment in the penitentiary, the police court would seem to have jurisdiction. If not, it is left where the creation of that court found it.
We have come to the conclusion that the crime is, or may be, a penitentiary offense. The police court cannot impose the penalty contemplated, or adequate to the offense; and the fact that that court cannot impose the punishment is conclusive upon its jurisdiction of the crime. That court cannot punish by imprisonment in the penitentiary, nor for any longer period than one year in the jail. There is a misconception of power in the court below, and the power to prosecute does reside in this forum ; and therefore the motion to quash is dismissed.
Mr. Justice MacAhthur concurre 1 in the views expressed by the chief-justice.
By Justice Humphreys :
As this is a question of spma importance, it is eminently proper that any judge who has a reason for his opinion may state it. I fully coincide with the chief-justice in the conclusion arrived at.
I base my opinion, however, on this: that neither in the word or spirit of the act creating the police court is it contemplated that that class of cases which rise above what the act denominates “ simple assaults and batteries, and other misdemeanors not punishable in the penitentiary,” shall be tried in said court. It is a mere police court, to regulate such minor offenses as are necessary to keep and preserve order in the community.
It is named and denominated “The police court;” and when you rise above any little simple offense, the right of trial by jury exists, and the guarantee must be preserved. That court has no jury, and it is beyond the reason and spirit of the statute to give it jurisdiction of such offenses.
By Justice Olin :
• I find a difficulty lying still back of the statute creating the police court, which is found in the amendments to *504 Article Y and YI of the Constitution, which provides “that no person shall be deprived of life, liberty, or property without due process of law;” and that “in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the State and district wherein the crime shall have been committed.”
If a man’s liberty or property can be taken in a criminal prosecution by a police magistrate, without jury-trial, why then his life may be taken; and he might as well hang a man, under an act of Congress authorizing the police court to do so, as to deprive him of his liberty and property.
Mr. Justice Wylie :
I wish to be understood as not expressing an opinion upon any case but that now before the court. I want to be understood on this occasion as expressing the opinion that the police court would have no jurisdiction, even if the punishment for the crime of libel was limited to one year, or less, in the jail. It is certainly an infamous crime, and surely it ought to be so when it is done for hire, as when one is hired to libel another for money. As to the trial of the crime of libel, I never heard of its being tried by any jurisdiction except by jury.
We do not hear of any cases, where a jury-trial existed at all, that a man could be tried and punished for the crime of libel without a jury. In England it was formerly held that the jury should have power to pass upon the fact of publication anyhow; -and afterward, by act of Parliament, it was provided that the jury should have power to pass upon the motive also.
So I take it that a court without a jury has no jurisdiction whatever over the crime. I am satisfied that under this law it was not the intention of Congress to confer jurisdiction on the police court to try anybody for libel.